June 10, 2019

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States* **v.** *Marcos Elias*, **18 Cr. 419 (GHW)**

Dear Judge Woods:

      The parties in the above-referenced case jointly write in response to the Court's Order dated June 3, 2019 advising the parties to file a joint letter advising the Court of the status of this case in light of the *Fatico* hearing scheduled on July 2 and 3, 2019 (ECF No. 50).  Defense counsel and the Government have endeavored to resolve their disputes but have been unable to do so and therefore respectfully request that the Court schedule testimony on either July 2, 2019 or July 3, 2019 on the issues described in further detail below.  The parties are also prepared to file separate submissions prior to any *Fatico* hearing to provide further guidance to the Court in advance of testimony.

## Background

      As the Court is aware, the defendant Marcos Elias pleaded guilty pursuant to a plea agreement on February 4, 2019 to conspiracy to commit wire fraud and aggravated identity theft for his participation in a fraudulent scheme that used the identity of a member of a wealthy Brazilian family (the "Victim") in order to steal approximately $752,000 from a brokerage account of a Brazilian company (the "Company Account") at a financial institution in Manhattan ("Firm-1").  According to counsel for Mr. Elias, he indicated his willingness to take responsibility for his conduct by pleading guilty shortly after his arrival in the District.  Defense counsel requested that Mr. Elias be permitted to plead guilty only to the wire fraud, recognizing the discretion the Court possesses to sentence within the statutory maximum ceilings as appropriate.  The Government offered only a plea whereby Mr. Elias would plead guilty to one count of conspiracy to commit wire fraud and one count of aggravated identity theft.  Mr. Elias accepted this plea offer.  Pursuant to the plea agreement, Mr. Elias faces a maximum sentence of 30 years' imprisonment for his conspiracy to commit wire fraud and a mandatory minimum sentence of two years to run consecutively to any sentence for any other count of conviction for his plea to a count of aggravated identity theft.  Accordingly, Mr. Elias is facing a total maximum term of imprisonment of 32 years and his stipulated Sentencing Guidelines range is 33 to 51 months on Count One (wire fraud) and effectively 57 to 65 months incorporating the mandatory consecutive sentence of 24 months on Count Four (aggravated identity theft).

Mr. Elias' co-defendant and co-conspirator, Evandro dos Reis Jr., pleaded guilty pursuant to a cooperation agreement with the Government on September 6, 2016 in a separate information to one count of conspiracy to commit wire fraud and one count of wire fraud for his participation in the scheme. *See United States v. Dos Reis*, 15 Cr. 737 (GHW). Mr. dos Reis is facing a total maximum term of imprisonment of 60 years. The Government and Mr. dos Reis did not agree to a stipulated Sentencing Guidelines range in the cooperation agreement.

### Post-Plea Developments

The parties filed their sentencing submissions in Mr. Elias' case in mid-April. Contemporaneously, the Probation Department made its initial pre-sentence investigation report disclosure (the "Elias PSR"). Information exchanged in the submissions and shared in the Elias PSR prompted the current dispute.

In the Elias PSR, counsel for Mr. Elias learned for the first time that the Government did not require Mr. dos Reis to plead guilty to a count of aggravated identity theft. Counsel for Mr. Elias submits that these charging decisions create a potential sentencing disparity under 18 U.S.C. § 3553 and is therefore relevant to Mr. Elias' sentencing. Counsel for Mr. Elias also learned for the first time that Mr. dos Reis contends that he was "duped" by Mr. Elias into providing Mr. Elias with Firm-1 client account information to which Mr. dos Reis had access and that the Government accepts Mr. dos Reis' exculpatory claim. Mr. Elias, while taking full responsibility for his own conduct, has advised his counsel that Mr. dos Reis is a full co-conspirator in the scheme. Mr. Elias, while wishing no ill upon Mr. dos Reis, has advised counsel that Mr. dos Reis was equally complicit in targeting the stolen funds and in agreement with Mr. Elias that the fraudulent documents would be necessary to complete the scheme, based in part on dos Reis' knowledge of or access to Firm-1's compliance requirements.

The Government learned from Mr. Elias' sentencing submission that there may be certain factual disputes between the parties regarding the conduct of Mr. Elias and Mr. dos Reis in the fraud scheme. In particular, Mr. Elias' sentencing submission stated that "Dos Reis and Marcos set up false email accounts and forged the wire transfer instructions that ultimately led to the wire fraud scheme in question" (ECF No. 42 at 11). As stated in its sentencing submission, the Government submits that Mr. Elias acted alone in creating email accounts in the Victim's name, forging wire transfer instructions using the Victim's identity and signature, and receiving the entirety of the fraud proceeds in a bank account he solely controlled in Luxembourg (see ECF No. 44 at 4).[1]

The parties have been in discussions over the past several weeks over the issues raised above. In an effort to resolve this discrepancy, Mr. Elias voluntarily submitted to an interview by the Government on May 2, 2019 without any proffer protection. The next day, on May 3, 2019, during a phone call initiated by defense counsel and after the Government reviewed the evidence in its possession, the Government advised counsel for Mr. Elias that it did not credit Mr. Elias' account. At the request of defense counsel, the Government provided 3500 material

---

[1] The Government's sentencing submission refers to dos Reis as the "CW" as the case against dos Reis was sealed at that point in time.

for Mr. dos Reis and additional discovery on May 24, 2019. This production included extensive statements made by Mr. dos Reis to the Government both post-arrest and in proffer sessions. Defense counsel has identified numerous statements and documents suggesting, in its view, that Mr. dos Reis' claim of innocence should not have been credited. As but one example, Mr. Elias respectfully submits the documents confirm that the Government's statement in its sentencing submission to this Court that Mr. dos Reis did not receive any of the proceeds of the fraud was false. At this time, the parties have been unable to resolve these issues. The parties agree on the need for a *Fatico* hearing, but disagree about the scope of the hearing.

### Issues for the Proposed *Fatico* Hearing

The Government respectfully submits that the only relevant issues to resolve at the *Fatico* hearing are factual disputes concerning the conduct and relative culpability in the fraud scheme of Mr. Elias and Mr. dos Reis. Based on its review of all of the evidence in the case, the Government submits that Mr. Elias misled Mr. dos Reis into believing that Mr. Elias was in contact with the Victim regarding the Company Account when Mr. Elias was not. Although Mr. dos Reis later realized that Mr. Elias was engaged in fraud and facilitated it, the Government submits that it was Mr. Elias who alone created the fake email accounts and forged documents using the Victim's identity, thereby making him guilty of aggravated identity theft as he admitted. On the other hand, Mr. Elias contends that Mr. dos Reis was a full co-conspirator in the scheme and the actions underlying the aggravated identity theft.

The Government asserts that only these factual issues are relevant to the sentencing of Mr. Elias and are properly within the scope of a *Fatico* hearing. Further, the Government asserts that there is no basis for Mr. Elias to call a prosecutor in this case as a witness at the *Fatico* hearing, because the Government's charging and plea decisions are irrelevant to the dispute at issue. In addition, the Government submits that to the extent Mr. Elias wants to make any arguments about unwarranted sentencing disparities, he may do so based on the current record, as it is undisputed that he pled guilty to aggravated identity theft, but Mr. dos Reis did not.

Counsel for Mr. Elias respectfully submits that the issue in dispute is narrow. For defense counsel, the issue is whether there is a legitimate factual basis supporting Mr. dos Reis' contention as to his innocence of significant aspects of the fraud and whether the Government's determination not to require Mr. dos Reis to plead guilty to the aggravated identity theft count as part of his cooperation plea agreement was appropriate. Defense counsel seeks the testimony of either the prosecutor or any other individual with knowledge as to why the government declined to require that Mr. dos Reis plead to the aggravated identity theft count in light of the evidence, while requiring Mr. Elias to do so. In defense counsel's view, the discretion exercised here by the prosecution team is especially striking given the government's typical practice refraining from such leniency involving pleas by cooperating witnesses.

The Court has currently scheduled a *Fatico* hearing for July 2, 2019 and July 3, 2019. However, counsel for Mr. Elias respectfully submits that given the narrow issue in dispute, a half-day hearing, limited to the testimonies of the prosecutor or some similarly situated individual to explain the aforementioned prosecutorial decision, and the testimony of the co-

conspirator Mr. dos Reis to presumably testify as to his limited culpability, would suffice to resolve the contentions between the parties.

The Government has indicated that it is prepared to offer the testimony of Mr. dos Reis,[2] but has further indicated that it intends to move *in limine* to preclude the testimony of a prosecutor in this case and requests until June 18, 2019 to file that motion as well as make any additional submissions.  Mr. Elias respectfully requests until June 25, 2019 to respond and can consolidate its argument on this issue with any additional submission in advance of the *Fatico* hearing.

The parties jointly thank the Court for its patience with respect to these issues and remain available to answer any further inquiries from the Court.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

__/s/_____
Eric J. Snyder
Giovana Teodoro
JONES DAY                              By: ___/s/_____
51 Louisiana Avenue, N.W.                   Sagar K. Ravi
Washington, DC 20001                        Assistant United States Attorney
(202) 879-3912                              (212) 637-2195

Samidh Guha
JONES DAY
250 Vesey Street
New York, NY 10281-1047
(212) 326-3721

*Counsel for Marcos Elias*

---

[2] The Government is in the process of identifying other potential witnesses who it may call at the hearing.