USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
   UNITED STATES,

                -v-                                         1:18-cr-419-GHW

   MARCOS ELIAS,                                     ORDER

                            Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 8, 2020, the Court docketed a motion filed by Marcos Elias, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 73 (the "Motion"). Mr. Elias' motion points to the incidence of COVID-19 at LSCI Allenwood FCI, where he is incarcerated, and his diagnosis for schizophrenia as the basis for the Court to order his compassionate release. For the reasons that follow, Mr. Elias' motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its

corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Zullo*, 19-3218, --F.3d – (2d Cir. September 25, 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Elias, a citizen of Brazil, was born in May 1971; he is 49 years old today. Sentencing Transcript ("Tr."), Dkt. No. 68, at 28:4-5. Mr. Elias' medical history shows that he has been diagnosed with schizophrenia and general anxiety disorder. Dkt. No. 73-1 at 1 *et seq*. According to Mr. Elias, he was first diagnosed with schizophrenia at age 30. Motion at 5.

Notwithstanding his mental health issues, Mr. Elias was a success academically, and in the financial industry in Brazil. He has a college degree in mechanical engineering, an MBA from the University of Pittsburgh and has done work toward a Ph.D. in mathematics. Tr. at 29:16-18. He ran a research firm that he sold to a Brazilian investment bank. *Id.* at 29:22-30:1. He later owned and operated a money management company; and later an asset management company. *Id.* Despite his education and opportunities, Mr. Elias perpetrated a sophisticated scheme to implement the fraud that landed him in prison now. *Id.* at 26:17-28:3. Mr. Elias was ultimately arrested while on a trip to Switzerland, before his extradition to the United States. The Court sentenced Mr. Elias to a total of 42 months imprisonment for his crimes on July 25, 2019. Tr. at 26:7-8.

At the outset, the Court accepts that the defendant has satisfied the statutory preconditions

to his Motion.  In the Motion, he writes that he requested that the warden of his facility file a motion on his behalf, but that the warden denied the request.  Motion at 1.

The Court is not persuaded by the defendant's arguments in support of a finding that "extraordinary and compelling" reasons exist for his release.  A number of courts have found "extraordinary and compelling circumstances" for the release of an inmate based on the risk associated with COVID-19 and the incremental additional risk associated with the inmate's underlying health conditions.  Here, Mr. Elias has no underlying physical health conditions that increase the risk to him from COVID-19.  The only ailment that he points to as a basis for his early release is his schizophrenia.

In this case, the existence of COVID-19 together with the incremental risk associated with Mr. Elias' schizophrenia does not constitute an extraordinary and compelling reason to modify Mr. Elias' sentence.  First, while severe mental illness could reasonably be found to support such a finding, particularly when coupled with other physical illnesses, Mr. Elias has no other underlying physical conditions.  And Mr. Elias' mental health issues are being treated with medication.  According to his records, Mr. Elias was doing well with those medications.  Moreover, Mr. Elias was diagnosed with schizophrenia at age 30, yet managed to own and operate complex financial businesses, and manage his complex criminal scheme.  He asserts that he wishes to work to complete his Ph.D. in mathematics when he returns to Brazil, and to pursue other job opportunities.  Motion at 12.  On this record, the Court does not conclude that Mr. Elias' illness is of the type that would place him at substantially greater risk of adverse consequences from COVID-19.  Notwithstanding his diagnosis for schizophrenia, the Court has no evidence that Mr. Elias' ability to engage in self-care is limited.  To the contrary, notwithstanding his long-standing diagnosis, Mr. Elias has demonstrated himself to be highly capable.

Mr. Elias is 49 years old, but his age, coupled with his mental health condition, does not give

rise to extraordinary and compelling reasons for his early release.  Moreover, according to Mr. Elias' Motion, only one prisoner has tested positive for COVID-19 at his facility as of August 2, 2020.  Motion at 7.  That level of penetration of the virus at the facility does not support a finding of extraordinary and compelling reasons for Mr. Elias' release.

Moreover, even if Mr. Elias' age, mental health conditions, and the incremental risk associated with the possibility of catching COVID-19 at his facility was sufficient to give rise to compelling and extraordinary reason for his release, the Court would not grant the requested relief.

In considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Elias' sentence is warranted.  While the factor related to the need for Mr. Elias to receive medical care arguably weighs somewhat more heavily in favor of a lesser sentence now, the nature of his crimes was very serious.  The Court's assessment of all of the other § 3553(a) sentencing factors, including the need for general deterrence, all continue to weigh heavily against a modification of his sentence now.  In sentencing Mr. Elias, the Court was very conscious of the admonition of § 3553 to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of the statute.  The sentence imposed by the Court was appropriate for Mr. Elias at the time and the Court's assessment of the § 3553(a) factors do not yield a different conclusion today, notwithstanding COVID-19 and its complications.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Elias' sentence is warranted.  His motion is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 73, and to mail a copy of this order to Mr. Elias by first class mail.

SO ORDERED.

Dated: September 28, 2020
       New York, New York

                                                 GREGORY H. WOODS
                                               United States District Judge